**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRIAN W. THOMAS, | ) | No. CV 05-1194-GAF(CW) |
| Petitioner, | ) | ORDER DISMISSING PETITION AS MOOT |
| v. | ) | |
| JAMES A. YATES (Warden | ) | |
| Respondent. | ) | |

    As discussed below the petition should be dismissed as moot.

### BACKGROUND

    On February 16, 2005, with assistance of counsel, Petitioner filed a Petition for Writ of Habeas Corpus (28 U.S.C. § 2254)("Pet.," docket no. 1) and a Memorandum of Points and Authorities ("Pet. Mem.," docket no. 4), and lodged exhibits ("Pet. Ex."). In 1982, in California Superior Court, Los Angeles County, Case no. A357307, Petitioner was convicted of second degree murder and sentenced to fifteen years to life imprisonment with the possibility of parole. [Pet.] At the time of filing Petitioner was incarcerated at Pleasant Valley State Prison. [Id.]

1    The petition does not challenge Petitioner's underlying
2 conviction or sentence, but rather the denial of parole, especially in
3 a 2003 decision by then Governor Gray Davis reversing a prior decision
4 in which the Board of Prison Terms ("the Board") had found Petitioner
5 suitable for parole.  [Pet. Ex. A, B, C.]  Petitioner asserts four
6 grounds for federal habeas corpus relief:
7 1.   The Governor's decision denied Petitioner due process because it
8      was arbitrary, inapposite to the record, supported by no
9      evidence, and irrelevant to the basis for parole determination,
10      and because the decision was prepared by staff and signed by the
11      Governor without the requisite personal review.
12 2.   The Governor's decision denied Petitioner due process because the
13      Governor did not contend that Petitioner was not suitable for
14      parole or that he posed any risk to public safety, and because
15      each ground stated by the Governor was supported by no evidence.
16 3.   The Governor's decision denied Petitioner due process because it
17      did not give individualized consideration to Petitioner's case.
18 4.   Petitioner was denied due process by the Board's 1993 rescission
19      of a 1990 Parole grant.
20 [Pet. Mem.]
21    Petitioner raised and exhausted these claims in petitions for
22 collateral review at the each level of the state courts.  The superior
23 court denied relief in a reasoned decision.  [Case No. BH002519, Pet.
24 Ex. N.]  The California Court of Appeal and the California Supreme
25 Court issued summary denials.  [No. B174055, Pet. Ex. T; No. S126414,
26 Pet. Ex. U.]
27    On March 3, 2011, the court learned, from the inmate locator
28 service of the California Department of Corrections and

Rehabilitation, that Petitioner was released on parole on April 8, 2009. Under California law, when an inmate, convicted of first or second degree murder with a maximum term of life imprisonment, is paroled, the period of parole is the remainder of the inmate's life. Saunders v. Carey, No. CIV S-06-734-MCE-CHS-P, 2011 WL 571488, *1 and n.2 (E.D. Cal. Feb. 15, 2011)(citing Cal. Penal Code § 3000.1(a)(1)).

## DISCUSSION

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases, 28 foll. § 2254, Rule 4. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); 28 foll. § 2254, Rule 11 (application of Federal Rules of Civil Procedure in habeas cases).

Federal jurisdiction is limited to adjudication of actual cases and live controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). Federal courts lack jurisdiction over moot questions. North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)(per curiam). When a federal court lacks the power to grant the relief requested, the case is moot. Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

An actual case or live controversy must exist at all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). If at any time during litigation a plaintiff ceases to suffer "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter

1  is moot.  Spencer, 523 U.S. at 7.  When a habeas petition only
2  challenges the denial of parole and the petitioner is later paroled,
3  the petition becomes moot.  See Brady v. U.S. Parole Comm'n, 600 F. 2d
4  234, 236 (9th Cir. 1979)(federal inmate paroled); see also Burnett v.
5  Lampert, 432 F.3d 996, 1000-01 (9th Cir.2005)(habeas petition becomes
6  moot when petitioner's injury cannot be redressed by favorable
7  decision); Saunders, 2011 WL 571488, *1 (both California and federal
8  courts regularly deny pending habeas petition as moot if Petitioner is
9  paroled for life under Cal. Penal Code § 3000.1).

10  In the present petition, Petitioner has challenged only prior
11  denials of parole.  He has since been granted parole, and released
12  from prison.  Under California law, Petitioner will be on parole for
13  his life-time.  Therefore all claims in the present petition are
14  moot.[1]

15  //
16  //
17  //
18  //
19  //

---

[1] In light of recent United States Supreme Court authority, it appears that Petitioner would not be entitled to relief in any event. See Saunders, 2011 WL 571488, *2 n.3.  Insofar as Petitioner challenges the substance of the Governor's decision and its evidentiary support, his claims are barred under Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861-63, L. Ed. 2d ___ (2011)(per curiam)(no federal due process claims for California parole denial limited to minimal procedural safeguards and not extended to claims about failure to apply California's evidentiary standard).  The record shows that Petitioner did receive the procedural safeguards required under Swarthout.  As to Petitioner's claims that the Governor's did not provide the required consideration, if Petitioner could state a federal due process claim, this court would defer to the decisions of the state court's under Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 784-86, ___ L. Ed. 2d ___ (2011), and 28 U.S.C. § 2254(d).

**ORDERS**

It is therefore **ORDERED** as follows:

1. The petition is dismissed as moot.

2. The clerk shall serve this Order and the Judgment herein on the parties.

DATED: <u>March 9, 2011</u>

_____
GARY A. FEESS
United States District Judge

Presented by:

Dated: March 4, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge